J-S75002-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANTE ADAMS | |
| Appellant | No. 41 WDA 2019 |

Appeal from the Judgment of Sentence entered December 10, 2018
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0000952-2018

BEFORE: STABILE, KUNSELMAN, and PELLEGRINI,* JJ.

MEMORANDUM BY STABILE, J.:                    FILED APRIL 16, 2020

Appellant, Dante Adams, appeals from the judgment of sentence the Court of Common Pleas of Erie County imposed on December 10, 2018. On appeal, Appellant challenges the propriety of the trial court's explanation of the "beyond a reasonable doubt" standard. Upon review, we affirm.

The factual and procedural backgrounds are not at issue here. Briefly, on October 17, 2018, a jury found Appellant guilty of recklessly endangering another person (Count 3) and disorderly conduct (Count 4). On December 10, 2018, Appellant was sentenced to a term of imprisonment of 12 to 24 months on Count 3, and a concurrent term of probation of 12 months on Count 4.

_____

* Retired Senior Judge assigned to the Superior Court.

This appeal followed. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

In the course of explaining what beyond a reasonable doubt means, the trial court stated:

> Now, [Appellant] is presumed innocent and he remains so, unless you conclude that the Commonwealth has met [its] burden of proof beyond a reasonable doubt as to all the elements of a crime for your consideration. Now, a reasonable doubt is a doubt that would cause a reasonably careful and sensible person to hesitate before acting upon a matter of importance in her own affairs. It must fairly arise out of the evidence or the lack of evidence . . ., and it must be a real doubt. It may not [be] an imagined one. Nor may it be a doubt based on something that you saw [on] a television show or in a movie or read on the Internet or in a book or any other fictional setting. It has to be based on the evidence presented in front of you in this case, or lack thereof.
>
> Now, you may not find the defendant guilty based on a mere suspicion of guilt. The Commonwealth has the burden of [proving] guilt beyond a reasonable doubt. And that verdict cannot be based on suspicion of guilt, or that the Commonwealth's evidence merely casts doubt upon the innocence of the defendant, or leading you to believe that he's probably guilty. Rather, to find the defendant guilty beyond a reasonable doubt, you must be convinced of his guilt to the same degree you would be convinced about a matter of importance in your own life, which you act in confidence and without restraint or hesitation.
>
> Now, having said that, it doesn't mean that the Commonwealth [must] prove its case beyond all doubt. Because the law recognize[s] there is doubt about everything that you do in life, or can do, so there needs to be a reasonable doubt. And that's not just any doubt, it has to be a reasonable doubt. The law does not impose a burden of proof of guilt to mathematical certainty. In other words, guilt doesn't have to be prove[d to] an 80, 90, or a hundred percent mathematical certainty. Nor must the Commonwealth demonstrate the complete impossibility of innocence.

N.T. Trial, 10/17/18, at 184-86.

After the trial court provided the above explanation, the following exchange took place:

[Defense counsel]: I would finally object to the court's instruction about mathematical certainty, when you were talking percentages of 80 percent and 90 percent. I would also note an objection on that. Thank you.

[Trial court]: Well, the law says that it doesn't impose any mathematical certainty.

[Defense counsel]: I understand that.

[Trial court]: So that means it's not up to them to determine whether it's a hundred percent, 90 percent or 70 percent. I think that's an accurate statement of the law. I don't know what else it could be.

[Defense counsel]: It made it sound like –

[Trial court]: It's not like I said to the jury, once you arrive at 70 percent then you can find a person guilty. I didn't say that.

[Defense counsel]: That's what I interpreted it as.

[Trial court]: There's no exact standard to it.

[Defense counsel]: Thank you.

Id. at 190-91.

On appeal, Appellant argues:

Clearly, the [trial court] advising that "in other words, guilt doesn't have to be proved to an 80, 90 or 100 percent mathematical certainty", is both misleading to the [j]ury and an inaccurate statement of the law. . . . [W]hen the [trial c]ourt qualified a mathematical certainty by 80 or 90 percent, it clearly, diminished the Commonwealth's burden of proof by suggesting to the [j]ury that if they were 80 percent or 90 percent convinced of [] Appellant's guilt, then, in that event they should return a verdict of guilt.

. . . .

> Obviously, the [j]ury, with this instruction, could have believed that if they were 80 percent certain that [Appellant] was guilty, then, in that event, they could return a verdict of guilty.

Appellant's Brief at 14-15.

Our standard of review when examining a challenge to jury instructions is as follows:

> When reviewing a challenge to part of a jury instruction, we must review the jury charge as a whole to determine if it is fair and complete. A trial court has wide discretion in phrasing its jury instructions, and can choose its own words as long as the law is clearly, adequately, and accurately presented to the jury for its consideration. The trial court commits an abuse of discretion only when there is an inaccurate statement of the law.

Commonwealth v. Jones, 954 A.2d 1194, 1198 (Pa. Super. 2008) (quoting Commonwealth v. Einhorn, 911 A.2d 960, 975 (Pa. Super. 2006)).

As noted, Appellant argues that the examples provided by the trial court "clearly," and "obviously" diminished the Commonwealth's burden of proof by suggesting to the jury that it could return a guilty verdict if its members were 80 percent certain of Appellant's guilt. We disagree.

First, it appears that in Appellant's view the validity of the issue raised is so self-evident that he is dispensed from providing a meaningful discussion of his argument (beyond a mere allegation of error) or legal authority supporting the claim. The trial court concluded, and we agree, that the issue was waived for failure to articulate a meaningful argument in support of the allegation. See Trial Court Opinion, 5/30/19, at 3-4; see also

- 4 -

Commonwealth v. Walter, 966 A.2d 560, 566 (Pa. 2009) (holding claims waived for failure to provide adequate discussion of issues raised and citation to supporting authority).

Second, to the extent that the argument can be deemed not waived, Appellant is entitled to no relief. Indeed, the claim is devoid of any support in the record. As the above exchange shows, the trial court, contrary to Appellant's argument, unequivocally stated that mathematical certainty was not the proper standard for purposes of establishing Appellant's guilt. The jury was specifically instructed to make its determination using the beyond a reasonable doubt standard. The language Appellant quotes as supporting his allegation, in fact, provides no support at all to his claim. Actually, it discredits the allegation.

Accordingly, we conclude that the trial court correctly rejected Appellant's challenge.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/2020